IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )  <br>       Plaintiff, )  <br>  )  <br>vs. )  <br>  )  <br>KENNETH W. LOCKARD, )  <br>  )  <br>       Defendant. ) | ) Dist. No. 02-cr-40066-JPG  <br>) App. No. 04-2376 |

## MEMORANDUM AND ORDER

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *Paladino* set forth a procedure to address criminal cases on appeal where the district court imposed a sentence prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court found the application of mandatory federal sentencing guidelines as written unconstitutional. *Id.* at 746, 749-50. However, the Supreme Court held that the proper remedial measure to save the guidelines was to strike the portions of the Sentencing Reform Act of 1984 that make application of the guidelines mandatory as opposed to advisory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Id.* at 764-67. Those provisions having been stricken from the Sentencing Reform Act, judges, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767; *see* 18 U.S.C. § 3553(a)(4) & (5). *Paladino* asks sentencing courts to determine whether particular sentences would be any different under advisory sentencing guidelines. *Paladino*, 401 F.3d at 484.

Defendant Kenneth W. Lockard ("Lockard") pled guilty on February 20, 2004, to conspiring to manufacture and distribute more than 50 grams of methamphetamine, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.  The statutory sentencing range for this crime as charged is five to forty years.  21 U.S.C. § 841(b)(1)(B).  At the sentencing on May 20, 2004, the Court found that Lockard's relevant conduct was at least 500 grams but less than 1.5 kilograms of methamphetamine, yielding a base offense level of 32 under U.S.S.G. § 2D1.1 and raising his statutory minimum sentence to ten years.  21 U.S.C. § 841(b)(1)(A).  The Court increased Lockard's offense level by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the commission of the offense and by two points under U.S.S.G. § 3B1.4 for use of a minor to commit the offense.  The Court denied Lockard a reduction for acceptance of responsibility.  Thus, Lockard's total offense level was 36.  The Court found that Lockard's criminal history category was III and that his sentencing range under the guidelines was 235 to 293 months.  The Court sentenced Lockard to serve 240 months in prison.

On July 21, 2005, the Court of Appeals ordered a limited remand of this case for the Court to determine whether, if it was required to resentence Lockard after *Booker* and under advisory sentencing guidelines, it would reimpose the original sentence.  *See Paladino*, 401 F.3d at 484.  The Court solicited the views of counsel and each side has made a written submission.  The government argues that Lockard's sentence is reasonable under 18 U.S.C. § 3553 in light of the facts that Lockard possessed a firearm while committing his offense, threatened people, involved a minor, failed to accept responsibility for his relevant conduct and had a substantial criminal conviction and arrest history.

On the other side, Lockard argues that a lower sentence would avoid unwarranted disparity between the sentences of Lockard and those of his co-defendants, each of whom received a substantially lower sentence, and would be appropriate in light of his minor and non-

violent criminal history. Lockard also highlights his positive employment history prior to his incarceration and his desire to return to work when he is released, his educational and substance abuse prevention efforts, his satisfaction of his monetary obligations to the Court as a result of his conviction, and his family situation. Lockard believes that a 121-month sentence, the longest sentence of any of his co-defendants, would be reasonable under the advisory guidelines.

In reply, the government argues that the disparity between the sentences of Lockard and his co-defendants was warranted in light of the specific offense characteristics relating to each defendant.

The Court has reviewed the parties' memoranda and has determined that if it was required to resentence Lockard after *Booker* and under advisory sentencing guidelines, it would reimpose the same sentence. The Court has considered the factors set forth in 18 U.S.C. § 3553(a) and believes that a 240-month sentence is sufficient but not greater than necessary to effect the purposes of the Sentencing Reform Act of 1984.

With respect to the specific arguments raised by Lockard in his sentencing memorandum, the Court rejects the defendant's argument that because of the extreme sentencing disparity between himself and his co-defendants, he is entitled to a lesser sentence of 121 months which equals the sentences received by some of his co-conspirators. The Court is not persuaded by this argument for the reasons set forth in the presentence report and that the Government has aptly pointed out in their briefs. This defendant was in no way similarly situated with his co-conspirators and because of the various enhancements and lack of acceptance of responsibility and after considering the factors such as the nature and circumstance of the offense and the history and characteristics of the defendant and the need to afford an adequate deterrence to

similar criminal activity and to protect the public from further crimes of the defendant, this Court believes that if the Guidelines had been advisory at the time of the defendant's sentencing, that this Court would have ordered the very same sentence that it previously ordered, being 240 months.

For these reasons this Court would impose the same sentence were it required to re-sentence Lockard today.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals.

**IT IS SO ORDERED:**

Dated:  October 31, 2005

                                           s/ J. Phil Gilbert
                                           **U. S. District Judge**